UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT BRADY COLE #689970,

       Petitioner,                                  Case No. 1:10-CV-681

v.                                                    HON. ROBERT HOLMES BELL

CARMEN PALMER,

       Respondent.
_____/

**ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

    This is a habeas corpus petition brought by a state prisoner pursuant to 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Phillip J. Green, who issued a Report and Recommendation (R&R) on March 10, 2015, recommending that this Court deny the petition. (ECF No. 36.) The matter is presently before the Court on Petitioner's objections to the R&R. (ECF No. 37.) In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the R&R to which objections have been made. The Court overrules the objections and adopts the R&R as the Opinion of this Court.

    "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept,

reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Petitioner argues that the Magistrate Judge erred, first, in concluding that the Michigan state trial and appellate courts complied with the requirements of case law in permitting Petitioner to represent himself at trial and, second, in concluding that the Michigan trial court judge was impartial. As to the third issue of Fourth Amendment violations, Petitioner has not identified any error in the Magistrate Judge's findings of fact or conclusions of law. The majority of Petitioner's purported objection is merely a reiteration of his initial habeas petition and of his arguments challenging the reasoning of the Michigan Court of Appeals.

As to the first issue of self-representation, this Court has reviewed de novo the Magistrate Judge's thorough analysis of trial transcripts and state appellate records. Under the Anti-terrorism and Effective Death Penalty Act (AEDPA), this Court may only grant habeas relief to a person in state custody for a claim adjudicated in state court if the Court determines that the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Petitioner claims that the Michigan trial court did not adhere to Michigan law concerning waiver of his right to counsel, as established in *People v. Anderson*, 247 N.W.2d 857 (Mich. 1976). However, Petitioner's state law claim is not cognizable on federal habeas review. 28 U.S.C. § 2254(a). This Court agrees with the Magistrate Judge's analysis, and overrules this objection.

As to the second issue of the prejudice of the trial court judge, the Petitioner has not demonstrated any error in the Magistrate Judge's findings of fact or conclusions of law. The Magistrate Judge correctly determined that the decision of the Michigan Court of Appeals was not contrary to, nor involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. This Court agrees that the decision of the Michigan Court of Appeals withstands scrutiny under AEDPA. This objection is overruled.

Petitioner has not articulated any objection to the Magistrate Judge's findings of fact or conclusions of law as to the Fourth Amendment issue.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the R&R (ECF No. 37) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's March 10, 2015, R&R (ECF No. 36) is **APPROVED** and **ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**.


Dated: March 27, 2015                             /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE